UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY AVILA,

Plaintiff,

v.

M.D. MCMAHON, et al.,

Defendants.

No. 2:18-cv-00163 JAM AC

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending is a motion to dismiss from defendant County of San Joaquin ("the County") (ECF No. 4), which is fully briefed (ECF Nos. 34, 37). The motion was heard on July 11, 2018. ECF No. 38. For the reasons explained below, the court recommends that the motion to dismiss be GRANTED and that plaintiff be granted leave to amend his claim(s) against the County.

**I. BACKGROUND**

A. Allegations of the Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 and California law, alleging violations of plaintiff's rights during a traffic stop and subsequent arrest. The complaint asserts numerous claims against Officer M. D. McMahon, for false arrest in retaliation for protected speech; illegal search; violation of due process; assault and battery; intentional infliction of

1

emotional distress; and negligence.[1] ECF No. 1 at 9-12. The only claim stated against the County, and at issue on the present motion, is plaintiff's seventh cause of action, which the complaint identifies as "Vicarious Liability." Id. at 11.[2]

Plaintiff alleges that on January 28, 2016, he was pulled over by McMahon on Highway 4 in San Joaquin County. ECF No. 1 at 1. McMahon approached his vehicle, informed plaintiff that he was driving over the speed limit, and demanded to see identification and insurance papers. Id. Plaintiff responded, "I am traveling and not driving." Id. McMahon became agitated, telling plaintiff not to give him "any of that constitutional stuff because it does not work." Id. Plaintiff provided McMahon with his driver's license, but could not immediately find his proof of insurance. Id. McMahon responded, "No problem, I can just add that to your violation." Id. McMahon then told plaintiff he would impound plaintiff's truck for thirty days. Id. at 2.

Plaintiff got out of his vehicle to retrieve the insurance papers, asking McMahon about the constitutionality of the stop and whether he had taken an oath of office. Id. McMahon then arrested plaintiff, "physically attacked" him, and handcuffed him roughly. Id. The handcuffs were so tight that they cut off plaintiff's circulation and resulted in severe pain. Id. As plaintiff was being booked at the San Joaquin County Jail,[3] a Stockton police officer asked McMahon what was going on, and McMahon replied that he "just arrested one of those constitutional guys." Id. at 3. When McMahon told the police officer that plaintiff was from Oakdale, the officer responded, "Oh, one of those cowboys." Id. at 7. Plaintiff later received a summons informing him that McMahon had charged him with resisting arrest. Id. at 6.

                B.      <u>Plaintiff's Claim Against the County</u>

Plaintiff asserts a vicarious liability claim against the County for (1) "willfully and knowingly" allowing state actors to violate his constitutional rights, (2) facilitating his retaliatory

---

[1] McMahon has answered the complaint. ECF No. 19.

[2] The complaint also alleges violations of plaintiff's rights by John Davis and Davis Towing, Inc., related to the impoundment of plaintiff's vehicle. Id. at 11-12. Plaintiff has voluntarily dismissed all claims against these defendants. ECF No. 28.

[3] The complaint refers to the booking as happening both at the Stockton police station and at the County jail. ECF No. 1 at 3, ¶ 6 & ¶ 8. On amendment, plaintiff should clarify. The difference matters because the police station is a City entity, and the jail is a County entity.

arrest and detainment, and (3) failing to properly train subordinates and set appropriate policy. Id. at 11. Plaintiff contends that McMahon and the unnamed Stockton police officer made it clear that he was being "punished physically and emotionally" for exercising his freedom of speech by inquiring about the constitutionality of his arrest. Id. at 7-8. Plaintiff alleges that the County tolerated this behavior from McMahon and unjustifiably deprived him of his freedom by placing him in the county jail, subjecting him to unlawful detention without due process of law. Id. at 11. Plaintiff further alleges that the County failed to properly train its officers or "set policy." Id.

## II. MOTION TO DISMISS

The County seeks to dismiss the claim(s) against it under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim against the County, and for failure to comply with Fed. R. Civ. P. 8. ECF No. 4 at 1; ECF No. 4-1 at 8.

A. Rule 8 and 12(b)(6) Standards

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2017); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010). The court need not accept as true legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Seventh Cause of Action Fails to State a Claim

#### 1. There Is No Vicarious Liability Under Section 1983

Plaintiff cannot maintain a vicarious liability claim against the County for the actions of Officer McMahon, for two reasons. First, it appears that McMahon is a California Highway Patrol Officer and not a County employee.[4] Accordingly, there is no facially plausible theory of vicarious liability that could apply to the pendent state law claims. Second, as to the civil rights claims at the heart of the case, the governing statute does not permit vicarious liability.

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

---

[4] The complaint does not allege that McMahon is a County employee. The County represented to the court that McMahon is a CHP officer, ECF No. 4-1 at 5, and plaintiff acknowledged that fact at hearing on the motion. On amendment, plaintiff should make this clear.

4

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ."

Liability is limited to the persons who caused the constitutional violations at issue. Id. Because the statutory language thus precludes vicarious liability, local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). Accordingly, plaintiff's seventh cause of action for "Vicarious Liability" cannot proceed as pled.

    2. The Complaint Does Not Contain Allegations Necessary to Support Municipal Liability

Claim Seven alleges that the County (1) "willfully and knowingly allow[ed]" state actors to violate plaintiff's constitutional rights, (2) facilitated his retaliatory arrest and detainment, and (3) failed to properly train subordinates and set appropriate policy. Id. at 11. The court understands Claim Seven to allege municipal liability for retaliation against plaintiff for his exercise of free speech rights (specifically, for his expression of "constitutionalist" beliefs).

A county is a person which can be sued under § 1983, but like all other § 1983 defendants can be liable only for constitutional injuries that it causes. Monell, 436 U.S. at 692. "Allowing" others to violate rights does not meet this standard, and neither does unspecified "facilitating."[5] However, a municipality "causes" a constitutional violation when its official policy is the "moving force" of the constitutional violation. Id. at 694. Liability may also arise when a municipality's failure to adequately train its employees causes the violation. City of Canton v. Harris, 489 U.S. 378 (1989). Accordingly, plaintiff's reference to County policy and training practices suggests a cognizable claim against the County.

To state a claim under Monell, plaintiff must identify in the complaint the policy or training practice that he alleges caused his constitutional injury. Specifically, plaintiff must allege

---

[5] In opposition to the motion, plaintiff clarifies that his claims against the County are based on County Jail officials' toleration of McMahon's alleged violations of plaintiff's constitutional rights. ECF No. 34 at 6. The County is not liable for the actions of its jail officials, for the reasons already explained. Moreover, official County "toleration" of constitutional violations is insufficient to establish causation under any theory of municipal liability.

facts showing: (1) that he was deprived of his constitutional rights by defendant and its employees acting under color of state law; and (2) that the municipal defendant has customs or policies which amount to deliberate indifference to specifically identified constitutional rights; and (3) that these policies were the moving force behind the constitutional violations. Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). The "customs or policies" requirement can be satisfied by training or supervision that is so inadequate as to demonstrate deliberate indifference to the rights of arrestees. See Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989). For liability to arise in this scenario, the inadequate training must be "closely related" to plaintiff's injury. City of Canton, 489 U.S. at 391.

Here, plaintiff has alleged only that the County failed "to properly train [and] set policy of subordinates in their . . . offices, through edicts and acts and/or omissions." ECF No. 1 at 11. These conclusory allegations do not suffice to "raise a reasonable expectation that discovery will reveal evidence" of a custom, practice, or policy of the County. Twombly, 550 U.S. at 556. Plaintiff has not alleged facts that could possibly support a conclusion that the County's failure to train was so inadequate as to demonstrate deliberate indifference to the rights of arrestees. See Davis, 869 F.3d at 1235. Plaintiff's allegations that County employees asked McMahon "what was going on," where plaintiff was from, referred to plaintiff as a "cowboy," and allowed plaintiff to be booked into jail are not sufficient to support a constitutional claim based on lack of training. ECF No. 1 at 3, 7. Likewise, plaintiff did not identify any specific County policy as the moving force behind the violations of his rights. "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom." Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996). Accordingly, plaintiff's cause of action for municipal liability fails to state a claim.

    3. Plaintiff's Putative Due Process Claim

Separately from the statement of Claim Seven, the complaint alleges that by detaining plaintiff post-arrest, the County subjected him to "unlawful detention without due process of law in violation of his rights to due process." ECF No. 1 at 8. At hearing on the motion to dismiss,

plaintiff emphasized his theory that the County is liable for his detention in violation of due process. The complaint before the court does not include allegations sufficient to state a due process claim against the County.

In <u>Baker v. McCollan</u>, 443 U.S. 137, 145-46 (1979), the United States Supreme Court found that neither an arresting sheriff nor custodial officials were required to independently investigate "every claim of innocence." Rather, "[t]he ultimate determination of such claims of innocence is placed in the hands of the judge and the jury." <u>Id.</u> While "wrongful detention can ripen into a due process violation" depending on how long the plaintiff was detained, plaintiff bears the burden of showing that the County knew or should have known that he was entitled to release. <u>Gant v. County of Los Angeles</u>, 772 F.3d 608, 620 (9th Cir. 2014).

The complaint does not provide information about how long plaintiff was detained, or allege that he did not receive a prompt hearing. He indicates that he eventually received a summons for resisting arrest, but does not provide details on the timeline or whether the charge was dropped. ECF No. 1 at 6. Nor has plaintiff alleged any facts that indicate that the County's custodial officials should have known that McMahon had improperly arrested him. McMahon's alleged statement that he had arrested "one of those constitutional guys" is not sufficient to trigger an independent investigation by jail officials into the legitimacy of the arrest.

Further, assuming arguendo that McMahon's comment should have alerted County jail officials to some impropriety, plaintiff alleges no facts indicating that this error was the result of a County policy or custom. A claim against the County for a due process violation, just like a claim for retaliation, must satisfy the requirements of <u>Monell</u>, <u>supra</u>. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." <u>Trevino</u>, 99 F.3d at 918. Plaintiff does not allege any facts indicating a pattern of inadequate investigation into arrests; he instead concludes that his detention itself is enough to reveal a pattern. Plaintiff has not pled sufficient facts to support his claim that the County violated his right to due process.

////

C. Rule 26 and Plaintiff's Unclean Hands Argument

In opposition to the motion to dismiss, plaintiff contends that the County has violated Rule 26 by failing to meet and confer to determine a discovery schedule. ECF No. 34 at 2. The argument fails, as discovery obligations are independent of the pleading standards at issue on the motion to dismiss. Even if the County had violated Rule 26, that would not help plaintiff avoid dismissal for failure to state a claim.

Rule 26(f) governs the parties' initial conferences and plans for discovery. While parties are encouraged to share relevant information at any point during the case, they are not required to confer until "twenty-one days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). That date had not yet passed at the time that plaintiff filed his opposition.[6] Accordingly, plaintiff's claim of a Rule 26 violation was unfounded.

For the same reasons, the court rejects plaintiff's argument that the motion to dismiss should be denied because of defendant's "unclean hands." See ECF No. 34 at 5. The unclean hands doctrine "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165 (9th Cir. 1989). In other words, the doctrine applies specifically to plaintiffs who are not entitled to relief due to their bad faith actions with respect to the claim. Defendants are not subject to the unclean hands doctrine and the motion to dismiss will not be denied on these grounds.

The availability of discovery is immaterial to a motion to dismiss. The question presented by a motion to dismiss is not whether a plaintiff would prevail in the action, but whether a plaintiff is entitled to offer evidence in support of his claim. Hearns v. Terhune, 413 F.3d 1036,

---

[6] The initial scheduling conference had been set for July 25, 2018. ECF No. 3. Plaintiff's opposition to the motion to dismiss was filed on June 28, 2018, ECF No. 34, more that 21 days before the scheduling conference. The scheduling conference has since been vacated, to be reset following amendment of the complaint and final determination of the County's status as a defendant in this case. See ECF No. 38.

1043 (9th Cir. 2005). Put another way, plaintiff does not *need* any evidence at this stage of the proceedings; instead, he must allege facts sufficient to state a claim. Once a complaint is before the court that states viable claims for relief, the tools of civil discovery will become available for the parties to develop evidence relevant to those claims.

### D. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). Futile amendments should not be permitted. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987).

Because a claim against the County predicated on vicarious liability is foreclosed as a matter of law, amendment in support of such a theory would be futile. However, it is possible that the pleading of additional facts regarding municipal policy or failure to train could support a Monell claim (or claims) as discussed above. Moreover, the court cannot preclude the possibility that the pleading of additional facts may state a due process claim regarding plaintiff's detention. Accordingly, the undersigned will recommend that plaintiff be granted leave to amend his claim(s) against the County.

## IV. CONCLUSION

For the reasons explained above, IT IS RECOMMENDED that the County's motion to dismiss (ECF No. 4) be GRANTED, and that plaintiff be granted leave to amend. Leave to amend should be limited to plaintiff's claim(s) against the County.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file

9

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 17, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE