XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
JULIO A. HERNANDEZ, State Bar No. 260508
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6238
  Fax:  (916) 322-8288
  E-mail:  Julio.Hernandez@doj.ca.gov
*Attorneys for Defendant Mark McMahon*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID ANTHONY AVILA,** | 2-18-cv-00163 JAM AC (PS) |
| Plaintiff, | **STIPULATION AND ORDER TO CONTINUE DISCOVERY DEADLINES AND TRIAL RELATED DATES DUE TO COVID-19 RESTRICTIONS** |
| v. | |
| **M D MCMAHON, ET AL.,** | **(AS MODIFIED BY THE COURT)** |
| Defendant. | Action Filed:  January 25, 2018 |

**INTRODUCTION**

The parties, In Pro Se Plaintiff David Avila, and Defendant California Highway Patrol (CHP) Officer Mark McMahon, through counsel, hereby jointly stipulate, as set forth below, to an extension of the currently scheduled discovery and trial related dates to allow Plaintiff Avila to complete deposition of Defendant Ofc. McMahon and allow parties to adequately prepare for trial. Due to the unprecedented COVID-19 pandemic, the State of California is under an emergency order, affecting the operations of CHP. Additionally, due the recent increase of the rate of infections, the Governor has made additional modifications to the emergency order,

1

making impractical for In Pro Se Plaintiff to complete deposition of Defendant Ofc. McMahon prior to the close of discovery.

**RECITALS/GROUND FOR RELIEF**

The district court is required to enter a pretrial scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d); See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Orders entered before the final pretrial conference may be modified by motion upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). As the Ninth Circuit explained: Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson*, supra, 975 F.2d at 609 (internal quotation marks, citations omitted). A party may establish good cause by showing:

> (1)  that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order.

*Hood v. Hartford Life & Accident Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

Good cause exists to justify a modification. On February 7, 2020, parties stipulated to continuance of discovery and trial related dates. (ECF 72.) Due to the industrial injury of Defendant Ofc. McMahon, parties required additional time to complete discovery including deposition of Defendant. On February 10, 2020, the Court entered its order continuing discovery and trial related dates (ECF 73.) On April 20, 2020, the Court entered the stipulated order

1    modifying discovery order as a result of the Governor's unprecedented COVID-19 open-ended

2    emergency order and stay at home order. (ECF 76)

3         It was anticipated by the parties that the COVID-19 pandemic would have subsided by July

4    2020. However, the pandemic has worsen, with increased infections rates in the state affecting the

5    operations of CHP. Additionally, due to the recent civil unrest, Ofc. McMahon was not available

6    at an earlier date for deposition. Parties had agreed to a July 8, 2020 deposition, anticipating

7    subsidence of the COVID-19 pandemic.

8         Therefore, due to the ongoing COVID-19 pandemic, the completion of discovery by the

9    current completion date of July 10, 2020 is not possible. In Pro Se Plaintiff is in the high risk age

10   that is under advisement to avoid unnecessary travel. Thus the completion of deposition of

11   Defendant Ofc. McMahon is impractical under the current conditions. Without the deposition of

12   Defendant Ofc. McMahon, parties cannot adequately prepare for trial.

13        Therefore, as good cause exist, parties agree to this stipulation to continue discovery and

14   trial related dates.

15        FOR THE FORGOING REASONS, AND GOOD CAUSE THEREIN, THE PARTIES

16   STIPULATE AND AGREE TO THE FOLLOWING:

17        1.    Discovery completion date shall be continued from July 10, 2020 to September 11,

18   2020; a brief mid-litigation joint statement shall be filed no later than fourteen (14) days prior to

19   close of discovery;

20        2.    Discovery Motion completion date shall be continued from June 29, 2020 to

21   September 4, 2020;

22        3.    Expert Discovery completion date shall be continued from July 24, 2020 to

23   September 25, 2020 (Parties have exchange expert disclosure);

24        4.    All law and motion completion date shall be continued from August 21, 2020 to

25   October 2, 2020;

26        5.    Final Pretrial conference from September 25, 2020 to October 16, 2020 at 11:00 a.m.

27   before District Judge John A. Mendez. Pretrial statements shall be filed in accordance to Local

28   Rules 284 and 282;

6.     Trial date is reset to January 11, 2021 at 9:00 a.m. before Judge John A. Mendez.

**IT IS SO STIPULATED.**

Dated: July 10, 2020

/s/_____
David A Avila, In Pro Se

Dated: July 19, 2020                    California Office of the Attorney General

/s/_____
JULIO A. HERNANDEZ
Deputy Attorney General
*Attorney for Defendant Mark McMahon*

## ORDER  (AS MODIFIED BY THE COURT)

The Court finds good cause to continue discovery and trial related dates, and adjust scheduling order as follows:

1.     All discovery shall be completed by September 11, 2020; A brief mid-litigation joint statement shall be filed no later than fourteen (14) days prior to close of discovery;

2.     Discovery motions to compel shall be heard no later than September 4, 2020;

3.     Expert Discovery shall be completed no later than September 25, 2020;

4.      All law and motion, except as to discovery, shall be completed no later October 2, 2020;

5.     The final pretrial conference is set before District Court Judge John A. Mendez on October 16, 2020 at 11:00 a.m. Pretrial statements shall be filed in accordance to Local Rules 284 and 282;

4

1      6.     A jury trial is reset for January 11, 2021 at 9:00 a.m. before District Judge John A.

2    Mendez.

3

4         **IT IS SO ORDERED**

5

6    Dated:  July 13, 2020                          /s/ John A. Mendez_____
                                                    UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28